IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WANDA JOHNSON, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-716-C-BK |
| § | |
| OASIS APARTMENT, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED** without prejudice for lack of jurisdiction.

**I. BACKGROUND**

On March 26, 2018, Plaintiff filed a *pro se Amended Complaint* against Defendants Oasis Apartment and Park at Wynnewood Apartment. Doc. 8 at 1. Plaintiff alleges that although she has never lived at the Oasis Apartment, she was charged $700.00. Doc. 8 at 2; Doc. 12 at 2, 5. Plaintiff also claims that she lived at the Park at Wynnewood Apartment for only one night, March 16, 2018, and moved out the following day because someone who lived inside the walls talked about killing her. Doc. 8 at 2. Plaintiff seeks a refund of all rent and fees. She also requests that her name be removed from "the leasing list" at the Oasis Apartment. Doc. 8 at 2; Doc. 12 at 5-6.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiff has not alleged facts that could be construed to allege federal question or diversity jurisdiction.

The *Amended Complaint*, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, plainly fails to present a federal cause of action. Moreover, to the extent Plaintiff relies on diversity of jurisdiction, her claims fare no better. As a Texas resident, Plaintiff shares the same state of citizenship as the Defendants she names in the complaint. *See Corfield v.*

*Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).  Therefore, this action should be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.[1]

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, the facts as alleged by Plaintiff clearly demonstrate an incurable lack of subject matter jurisdiction in this Court.  Moreover, the Court has already given Plaintiff the opportunity to supplement her complaint by her *Answers to Magistrate Judge's Questionnaire*.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  See FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** May 29, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims, if any

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE